## SUPREME COURT.

In the Matter of the BOSTON, HOOSIC TUNNEL AND WESTERN RAILROAD COMPANY agt. THE TROY AND BOSTON RAILROAD COMPANY.

*Railroads — Commissioners to ascertain points of intersection — when will be appointed — their powers and duties.*

Where a railroad corporation desires to cross or intersect the railroad and grounds of another company, and they cannot agree upon a compensation or mode of crossing, upon a petition showing such facts, which are undenied, the petitioners are entitled to an order for the appointment of commissioners to determine the points and manner of crossing (*Laws of* 1850, *chap.* 140, *sec.* 28, *subd.* 6).

If the objection to such application be that the need of a crossing may be avoided by another location, proceedings should be taken under section 22 of the railroad act to change the route.

The language of the statute is, that the commissioners shall decide "the *point* and *manner*" of the crossing, thus necessarily committing some discretion to them as to the *spot* of the crossing and the *mode* of its accomplishment.

*Special Term, November,* 1879.

APPLICATION for the appointment of commissioners to determine the "points and manner" of crossing the track of the Troy and Boston Railroad Company.

*James Gibson* and *E. W. Paige,* for the application.

*R. A. Parmenter, Esek Cowen* and *John H. Peck,* opposed.

WESTBROOK, J. — *The Matter of the Buffalo and Lockport Railway Company* agt. *The New York Central and Hudson River Railroad Company* (15 *Hun*, 365), covers, as it seems to me, the present application. That case decides that when a railroad corporation desires to cross or intersect the railroad and grounds of another company, and they cannot agree upon a compensation or mode of crossing, upon a petition showing such facts, which are undenied, the petitioners are entitled to an order for the appointment of commissioners.

By necessary implication, also, that case likewise determines that if the objection to such application be that the need of a crossing may be avoided by another location, that proceedings should be taken under section 22 of the railroad act to change the route. As that has not been done, that point cannot now be raised.

The inconvenience to the Troy and Boston Railroad Company, and the damages sustained by it, if such crossings are made, are for the commissioners to determine. The right to cross is given, by statute, and if, as is claimed by counsel opposing this application, no right to such crossings for the purpose now asked for exists, that question can be raised better upon the report of commissioners which must determine " the point and manner of such crossings and connections," than now.

The language of the statute is, that the commissioners shall decide " the *point* and *manner* " of the crossing. This must necessarily commit some discretion to them as to the *spot* of the crossing and the *mode* of its accomplishment. The report will show exactly what will be done, and how the Troy and Boston company will be affected, and with these facts before the court, it will be in a better position to decide whether or not the application asked for should be granted than it now is.

This is not an application to take land, but to cross. It is true that in crossing, land is occupied, as in every such case it must be, and the fact that the Troy and Boston railroad is so located at the point of crosssing as to make a Y cannot defeat the application for such crossing. The needs of such

company for the land used in crossing must necessarily appear before the commissioners, for only by proof thereof can compensation be fixed.   The statute gives the right to cross, and it would seem that the only mode of prevention is to compel a relocation of the road, as the statute directs, or a repeal or change of the law itself.   At all events, the evidence which must be presented to the commissioners to fix the damages must also give to the court, when the report comes up for confirmation, such knowledge of the needs, inconvenience and damage to the Troy and Boston Railroad Company as will enable it to decide, if it has such power at all, whether the crossing should be allowed or not.

As the Troy and Boston Railroad Company has a perpetual lease of the Troy and Bennington railroad, and the former company has failed to agree with the applicant as to the crossings, there can be no objection to the granting of the order. If the necessary steps have not been taken to foreclose the rights of the Troy and Bennington Railroad Company they can hereafter be enforced, when the property reverts to its possession.

The maps produced on the application sufficiently comply with the statute.